IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sim Chestnut, #320818, ) | CIVIL ACTION NO. 9:09-1418-RBH-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Angela R. Brown; Jon Ozmint, Director ) | |
| of SCDC; Gregory Knowlin, Warden ) | |
| Turbeville Correctional Institute; and ) | |
| Richar Cochran, Associate Warden ) | |
| Turbeville Correctional Institute, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on November 6, 2009. The Plaintiff also filed a motion for summary judgment that same date. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court advising him of the importance of a motion for summary judgment and of the need for him to file an adequate response to the Defendants' motion.

- 1 -



Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on December 9, 2009. These motions are now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified complaint[2] that on February 18, 2009, Sergeant Christopher Wynn, an Officer at the Palmer Work Release Center, found a contraband item in the D-Building barbershop. Plaintiff alleges that he was the barber for the institution and was present, although there were also two other inmates in the barbershop when Wynn found the contraband item. Plaintiff alleges, however, that he was the only inmate charged with violating Code 903 (use or possession of narcotics), which resulted in his being transferred to a level two facility (The Turbeville Correctional Institution).

Plaintiff alleges that he was subsequently served with a disciplinary report and hearing record on February 20, 2009, at which time he requested a counsel substitute pursuant to SCDC Policy 8.1.3. Plaintiff alleges that he then attended the disciplinary hearing on March 6, 2009, which was conducted by the Defendant Angela Brown. Plaintiff alleges that, during the hearing, Brown coached Wynn on what to say, while he [the Plaintiff] was not able to present a defense or question Wynn. Plaintiff further alleges that when he asked Brown why he was not given a counsel

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The parties have filed motions for summary judgment. As these motions are dispositive, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



substitute, Brown informed him that, per SCDC Policy 8.1.2, since he read above the sixth grade level he would not receive a counsel substitute. Plaintiff alleges that he told Brown that, pursuant to SCDC Policy 8.1.3, he should be allowed a counsel substitute because of the complexity of his case, but that Brown informed him that she was finding him guilty of violating Policy 903. Plaintiff alleges he was sentenced to forty-five days lockup in the SMU, of which he served forty-seven days, and that his canteen, phone, visitation and property privileges were suspended for a period of one year.

Plaintiff alleges that the Defendant Brown violated his procedural due process rights by refusing to allow him to ask questions, to call witnesses, or to provide him with a counsel substitute. Plaintiff alleges that the Defendants Ozmint (Director of the SCDC), Nolan (Warden of TCI), and Cochran (Assistant Warden of TCI) all knew or should have known that "their policies, customs, and actions" violated his constitutional rights. Plaintiff further alleges that the Defendants Ozmint and Nolan failed to properly train, supervise, control, and correct the actions of their employees. Plaintiff seeks injunctive and/or declaratory relief with respect to his conviction, as well as monetary damages. Plaintiff has attached to his Complaint copies of his request to staff member wherein he requested a counsel substitute, and also copies of his hearing record. See generally, Verified Complaint with attached exhibits.

In support of summary judgment, the Defendant Angelia Brown has submitted an affidavit wherein she attests that she was the hearing officer at Plaintiff's hearing, where he was charged with a Code 903 violation, "use or possession of narcotics, marijuana, or unauthorized drugs . . . ." Brown attests that prior to the call of this hearing, Plaintiff was notified of the charge and



signed an inmate waiver where the boxes were checked indicating that he wished to have his accuser present at the hearing and that he did not wish to have a counsel substitute. Brown further attests that Plaintiff's accuser, Sergeant Wynn, testified over a speaker phone as to the evidence relating to this charge. Brown attests that Plaintiff had the opportunity to question Sergeant Wynn, and at no time did she coach Wynn regarding his testimony.

Brown attests that other evidence presented at the hearing included a controlled substance and disposition form indicating that the substance found was tested and verified to be marijuana, an incident report completed by Sergeant Wynn wherein he states that he performed a frisk search of the Plaintiff and found five grams of tobacco and one gram of a green leafy substance in his sock, and paperwork regarding the chain of possession of the evidence indicating that it had been properly handled. Brown attests that she also explained to the Plaintiff during the hearing that he was not entitled to a counsel substitute because he read above a sixth grade level, and that she was unaware of the Plaintiff requesting to call any other witnesses. Brown attests that, based on the evidence, she found the Plaintiff guilty of the charge and sentenced him to a loss of privileges to include disciplinary detention for forty-five days. See generally, Brown Affidavit, with attached exhibits.

In opposition to the Defendants' motion, Plaintiff has submitted an affidavit wherein he attests that when he was served with his disciplinary charge, the block indicating that he did not want a counsel substitute had already been checked. However, Plaintiff attests that he had written to the Defendant Nolan on February 25, 2009 requesting a counsel substitute, and that Nolan had denied his request because he read above a sixth grade level. Plaintiff has also submitted a copy of



a letter that Plaintiff's mother received from the Defendant Ozmint concerning his conviction, two request to staff member forms, and a copy of his disciplinary report and hearing record.

Finally, pursuant to a motion for collateral estoppel and a response filed by the Plaintiff and the Defendants, respectively, it is apparent that Plaintiff grieved this matter, which included an appeal to the South Carolina Administrative Law Court. Exhibits provided to the Court show that, on motion of the Department of Corrections, the matter was remanded by the Administrative Law Judge to the department for a new hearing. See Exhibits (Motion to Remand and Order of Remand).

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).



**I.**

Part of Plaintiff's requested relief in this case is that his previously denied privileges be reinstated. The record before the Court clearly shows that his disciplinary conviction has now been vacated and remanded for a new hearing. Therefore, to the extent Plaintiff has requested declaratory and/or injunctive relief with respect to the penalties imposed as a result of his previous conviction, that request is now moot. Gaines v. Stenseng, No. 01-3405, 2005 WL 2219319 at * 2 (D.Kan. Sept. 13, 2005)[Where the state court had set aside the disciplinary adjudications and sanctions and remanded for new hearings, the court held that "to the extent Plaintiff seeks relief in his initial disciplinary proceedings that was negated and cured by the state court, . . . his claims for declaratory and injunctive relief were rendered moot . . ."]; Elders v. King, No. 06-211, 2008 WL 4057112 at * 2 n. 4 (S.D.Miss. Aug. 26, 2008)**;** Cf. Perez v. Beltran, No. 09-7459, 2010 WL 760395 at * 6 (C.D.Cal. Feb. 25, 2010)["[T]he alleged procedural violations of which Plaintiff complains were remedied by a rehearing."].

**II.**

With respect to Plaintiff's remaining claim for damages, Defendants argue that, since the South Carolina Administrative Law Court has remanded the matter back to the Department of Corrections for rehearing, this matter should be dismissed because Plaintiff has not yet exhausted his administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."



Defendants' argument with respect to the Administrative Law Court's remand of this matter is without merit, as the Statute regarding exhaustion of administrative remedies does not apply to that matter. Plaintiff's Administrative Law Court appeal has been dismissed and is no longer pending. Indeed, an entirely new hearing has been ordered. Therefore, there is at this point no administrative remedy for Plaintiff to pursue, as he does not even know if he is going to be convicted of the disciplinary charges.

However, there is certainly an argument that this entire case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]. The record before the Court indicates that Plaintiff filed two grievances with respect to his disciplinary hearing. Plaintiff filed a Step One grievance (Grievance No. 0297-09) on March 10, 2009 wherein he complained about not receiving a counsel substitute for his DHO hearing.[3] That grievance was denied by the warden on April 16,

---

[3]This Court can take judicial notice from the numerous other prison filings in this District that the South Carolina Department of Corrections has a two step grievance process, whereby an inmate dissatisfied with the results of his Step 1 grievance can then file a Step 2 grievance via the institutional grievance coordinator. If the inmate is then dissatisfied with the results of his Step 2 grievance, he can then appeal to the South Carolina Administrative Law Court. For purpose of exhaustion of administrative remedies so as to pursue a Section 1983 claim in federal court, an inmate does not ordinarily need to pursue his administrative remedies past the Step 2 grievance decision. See Johnson v. Ozmint, 567 F.Supp. 2d 806, 820, n.5 (D.S.C. 2008); Duncan v. Langestein, No. 07-268, 2008 WL 153975 at * 5 (D.S.C. Jan. 14, 2008) (citing Charles v. Ozmint, No. 05-2187, 2006 WL 1341267 at * 4 n. 4 (D.S.C. May 15, 2006) (recognizing that completion of Step 2 grievance exhausts administrative remedies and § 1997(a) does not require inmates to further
(continued...)



2009. Plaintiff indicated that he wished to appeal on May 14, 2009, and a Step Two grievance was submitted May 15, 2009, which was denied on August 25, 2009. The Administrative Law Court's decision refers to Grievance No. 0297-09. A second Step One grievance filed by the Plaintiff (Grievance No. 0296-09), also dated March 10, 2009, complains about the Defendant Brown allegedly coaching the witness at Plaintiff's DHO. This grievance was denied by the warden on April 9, 2009, with Plaintiff indicating he wished to appeal to Step Two on June 4, 2009.

Plaintiff's complaint is dated May 19, 2009. Hence, it is clear from these documents that Grievance No. 0296-09 was not even appealed until after Plaintiff had filed this lawsuit, while Plaintiff had only indicated he wished to appeal Grievance No. 0297-09 a few days before he filed this lawsuit. Further, according to the Step Two grievance in the records, Plaintiff's Step Two appeal in Grievance No. 0297-09 was not denied until August 25, 2009. See Defendant's Exhibits, Court Docket Nos. 26-5, pp. 2-6; see also Plaintiff's Exhibit [Motion to Remand], noting that Plaintiff received the final agency decision on his Step Two grievance on September 10, 2009.

Therefore, as the exhibits before the Court clearly establish that Plaintiff failed to exhaust his administrative remedies with respect to his claim prior to filing this lawsuit, this case is

---

[3](...continued)
appeal to Administrative Law Court.)); Ayre v. Currie, No. 05-3410, 2007 WL 3232177 at * 7 n.5 (D.S.C. Oct. 31, 2007). Rather, if the prisoner is not satisfied with the response of the Step 2 SCDC official, he may then file a complaint in Federal District Court about the matters raised in his grievance. If, however, a prisoner wishes to attack a conviction or sentence imposed by a prison disciplinary official, he or she must exhaust both steps of the prison grievance process and also appeal the Step 2 decision to the state ALJ Division before his remedies may be said to be exhausted. See SCDC Inmate Grievance System Procedures Issued 1-1-2006, Numbers 13.7-13.9 (requiring the inmate to appeal the result of a disciplinary hearing to the South Carolina Administrative Law Court); Furtick v. South Carolina Dep't of Corr., 649 S.E.2d 35 (S.C. 2007); see also Dicks v. South Carolina Dep't of Corr., No. 9:06-cv-663-HFF-GCK, 2006 WL 1207851 at *3 (D.S.C. 2006). Cf. Braden v. 30th Judicial Circuit Ct., 410 U.S. 484, 490-91 (1973).



subject to dismissal. See Cannon, 418 F.3d at 719; Freeman, 196 F.3d at 645.

### III.

Finally, it is arguable that the Defendants' exhaustion argument should not be found to be a basis for summary judgment in this case because the Defendants' exhaustion argument in their brief is that Plaintiff has not yet exhausted his administrative remedies because he is to have a new disciplinary hearing, not that his administrative proceedings were still pending at the time he filed this lawsuit. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). However, even if the Court is not inclined to dismiss this case on the basis of failure to exhaust, the Defendants are entitled to summary judgment on Plaintiff's damages claim on the merits.

Plaintiff's claim for damages arises out of the sentence he received of forty-seven days in the SMU, which he has already served.[4] However, if a favorable judgment would necessarily imply the invalidity of the prisoner's conviction, a prisoner cannot bring a § 1983 action seeking damages as a result of that conviction until that conviction has been reversed on appeal, expunged by executive order, or otherwise declared invalid by a state collateral proceeding. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A conviction for purposes of Heck includes a conviction in a prison disciplinary proceeding. See Stone-Bey v. Barnes, 120 F.3d 718, 721 (7th Cir.

---

[4] The South Carolina Administrative Law Court Order indicates that Plaintiff also lost good time credits as a result of his conviction. While a prisoner cannot, in a § 1983 action, recover good time credits lost in a prison disciplinary proceeding; Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998); see Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); Plaintiff has not sought any relief with respect to lost good time credits.



1997)["The 'conviction' in the prison disciplinary sense is the finding of guilt on the disciplinary charge, and if success on the Plaintiff's Section 1983 claim necessarily would imply the invalidity of that finding, then Heck bars the claim until such time as its requirements are satisfied"].

An award of damages to the Plaintiff for the forty-seven days he spent in the SMU would necessarily imply the invalidity of his pending disciplinary charges. Even though Plaintiff's original conviction has now been vacated, his guilt or innocence on this charge has yet to be decided, as the matter has been remanded for a new hearing. The Administrative Law Court's remand of Plaintiff's charge for that purpose does not constitute a declaration that the charges filed against him are invalid. Dallas v. Goldberg, No. 95-9076, 2002 WL 1013291, at * 7 (S.D.N.Y. May 20, 2002)["Termination of the criminal proceedings will not be deemed favorable to the accused where the termination is fundamentally inconsistent with the innocense of the accused"]; Bylis v. Oklahoma Dep't of Corrections, No. 07-987, 2007 WL 4287612 at **1-4 (W.D.Okla. Dec. 5, 2009)[Plaintiff's claim was dismissed as premature where there was no indication in the record of the outcome of the rehearing]; cf. Moton v. Cowart, No 06-2163, 2007 WL 2288152 at *1 (M.D.Fla. Aug. 7, 2007)[Action was not premature when, *after* a rehearing on the matter, Plaintiff was found not guilty of the subject disciplinary conviction]. Indeed, Plaintiff may very well be convicted again on these charges following his new hearing. Cf. Clarke, 154 F.3d at 189 ["Claims for damages . . . challenging the procedures used in, but not the results of, prison disciplinary proceedings are . . . not cognizable in a Section 1983 action until the relevant 'conviction' has been reversed . . . or otherwise declared invalid if a favorable judgment would 'necessarily imply' the invalidity of the prisoner's 'conviction' . . . ."]; Blair v. Anderson, No. 04-3229, 2006 WL 2128010 at * 4 (D.Neb. July 26, 2006); Stein v. County of Westchester, 410 F.Supp.2d 175, 179-180 (S.D.N.Y. 2006)[Finding that



any civil rights claim that challenges the underlying conviction will be barred by Heck if the Plaintiff is reconvicted on retrial, even on minor charges]; Gaines, 2005 WL 2219319 at * 2 [Sufficient due process in the disciplinary proceeding ultimately responsible for the disciplinary sanction imposed and served results in no constitutional injury or undeserved deprivation of rights.]

Therefore, even if this case is not subject to dismissal for failure of the Plaintiff to exhaust his administrative remedies, his claim for damages should be dismissed under Heck.

## Conclusion

Based on the foregoing, it is recommended that Plaintiff's motion for summary judgment be **denied**, that the Defendants' Motion for summary judgment be **granted**, and that this case be **dismissed,** without prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 18, 2010

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

