IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Sim Chestnut, #320818, ) | Civil Action No.: 9:09-cv-01418-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Angela R. Brown; Jon Ozmint, Director ) | |
| of SCDC; Gregory Knowlin, Warden ) | |
| Turbeville Correctional Institute; and ) | |
| Richar Cochran, Associate Warden ) | |
| Turbeville Correctional Institute, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant.[1] In the R&R, the Magistrate Judge recommends that the Court dismiss the case without prejudice.

**Procedural History and Factual Background**

This case was initiated on June 1, 2009, when the Plaintiff filed a *pro se* Complaint appearing to allege a cause of action pursuant to 42 U.S.C. § 1983. The Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), alleges violations of his constitutional rights by the named Defendants. Specifically, the Plaintiff alleges that Defendant Brown violated his procedural due process rights by refusing to allow him to cross-examine a witness, call witnesses, or to provide him with a counsel substitute during his disciplinary hearing, which led to his conviction and sentence of forty-five days in the SMU. The Plaintiff alleges that the other Defendants knew or should have known that "their policies, customs, and actions" violated his

---

[1]In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.

constitutional rights. The Plaintiff further alleges that the Defendants Ozmint and Nolan failed to properly train, supervise, control, and correct the actions of their employees. He seeks injunctive and/or declaratory relief with respect to his disciplinary conviction, as well as monetary damages.

On November 6, 2009, the Defendants filed a Motion for Summary Judgment [Docket # 26]. The Plaintiff also filed a Motion for Summary Judgment [Docket # 27] on the same day. On December 9, 2009, the Plaintiff filed a Response in Opposition [Docket # 31]. On March 18, 2010, the Magistrate Judge issued the R&R recommending that the Court dismiss the case without prejudice. The Plaintiff filed timely objections to the R&R on March 30, 2010.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

In his objections, the Plaintiff makes three basic arguments challenging the R&R. First, he "asserts that claims challenging the procedures used in a disciplinary hearing and not the conviction, does not require exhaustion of his administrative remedies." *Objections,* p.1. It is true that, in general, exhaustion of state remedies "is not a prerequisite to an action under § 1983." *Patsy v. Board of Regents of Fla.,* 457 U.S. 496, 507-09 (1982). However, as the Magistrate Judge concluded, "even if this case is not subject to dismissal for failure of the Plaintiff to exhaust his administrative remedies, his claim for damages should be dismissed under Heck." *R&R,* p.11; *see Heck v. Humphrey,* 512 U.S. 477, 489 (1994) ("Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.").

Next, the Plaintiff argues that *Wolff v. McDonnell,* 418 U.S. 539 (1974) "recognized [] Section 1983 claims for using the wrong procedure [rather than] for reaching the wrong result." *Objections,* p.4. The Plaintiff further argues that his disciplinary conviction has been invalidated because it was vacated and remanded for a rehearing. *Id.* However,

> [t]wo decades after *Wolff,* the Supreme Court, in *Heck,* considered a prisoner's § 1983 claim seeking monetary damages from the state because (1) state officers participated in an "unlawful, unreasonable, and arbitrary investigation leading to [his] arrest," (2) state officers "knowingly destroyed" exculpatory evidence, and (3) "an illegal and unlawful voice identification procedure" was relied upon at trial. Recognizing [both] *Preiser* . . . [and] *Wolff* . . . the Court analyzed the issue as a matter of first impression . . . [and] held that when a plaintiff's claims challenge "the lawfulness of the conviction or confinement," they are simply not "cognizable as § 1983 claims."[2]

---

[2] "[T]he claim at issue in *Wolff* did *not* call into question the lawfulness of the plaintiff's continuing confinement." *Heck,* 512 U.S. at 483.

3

*Wilson v. Johnson,* 535 F.3d 262, 265 (4th Cir. 2008) (internal quotation marks and citations omitted). The Supreme Court based its holding on the following reasoning:

> [w]e think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to malicious prosecution.

*Heck v. Humphrey,* 512 U.S. 477, 486 (1994). Thus, *Heck* and its predecessors limit this Court's inquiry to whether the plaintiff's § 1983 claim, if successful, would compromise the validity of an outstanding criminal judgment against the plaintiff. *See id.* at 487. If a favorable judgment would necessarily imply the invalidity of the prisoner's conviction, the prisoner cannot bring a § 1983 action seeking damages as a result of that conviction until the prisoner proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

In the instant matter, an award of damages to the Plaintiff for the forty-seven days he spent in the SMU would necessarily imply the invalidity of his pending disciplinary charges. Even though the Plaintiff's original conviction has now been vacated, his guilt or innocence on this charge has yet to be decided, as the matter has been remanded for a new hearing. The Administrative Law Court's remand of the Plaintiff's charge for that purpose does not constitute a declaration that the charges filed against him are invalid. *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (holding that a claim for declaratory relief and monetary damages that necessarily implies the invalidity of the punishment imposed is not cognizable under § 1983 until the conviction has been invalidated); *see also Dallas v. Goldberg,* No. 95-9076, 2002 WL 1013291, at *7 (S.D.N.Y. May 20, 2002)

("Termination of the criminal proceedings will not be deemed favorable to the accused where the termination is fundamentally inconsistent with the innocence of the accused").

Finally, the Plaintiff appears to argue that he is not challenging the validity of his disciplinary conviction, but the denial of procedural rights during the hearing: "An award of damages to the Plaintiff will not invalidate his disciplinary conviction, being that he is challenging the procedural errors." *Objections,* p.6. However, it is irrelevant whether the Plaintiff *claims* that he is challenging the procedures used or the result reached. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would *necessarily imply the invalidity* of his conviction or sentence." *Heck,* 512 U.S. at 487 (emphasis added). In *Edwards,* the Supreme Court applied the lessons of *Preiser* and *Heck* to a state prisoner action, where the prisoner was: (a) seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but (b) asserting that he was neither necessarily challenging the result of that disciplinary proceeding, nor seeking the restoration of the good-time credits. The Court, however, emphasized that such a claim was not cognizable under § 1983, since a favorable outcome would necessarily imply the invalidity of the deprivation of good time credits. *See id.* at 646-48 (holding that allegations of "deceit and bias on the part of the decision maker," if successful, would "necessarily imply the invalidity of the deprivation of good time credits").

In the instant matter, the situation is no different than that presented in *Edwards.* A favorable outcome for the Plaintiff in his § 1983 suit would necessarily imply the invalidity of his disciplinary conviction and sentence of forty-five days in the SMU.[3] In fact, this is exactly the type

---

[3] Nevertheless, it appears as though there is no genuine issue of material fact as to whether the Plaintiff was deprived of any procedural rights. The Plaintiff's entire § 1983 suit appears

5

of collateral attack that *Heck* sought to eliminate. *See Wilson v. Johnson,* 535 F.3d 262, 265 (4th Cir. 2008) ("*Heck's* holding precludes a prisoner from a collateral attack that may result in two inconsistent results–for example, a valid criminal conviction and a valid civil judgment under § 1983 for monetary damages due to unconstitutional conviction or imprisonment."). Because the Plaintiff's disciplinary conviction has yet to be invalidated, his § 1983 suit must be dismissed.

### Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, the Defendants' Motion for Summary Judgment [Docket # 26] is **GRANTED**, the Plaintiff's Motion for Summary Judgement [Docket # 27] is **DENIED**, and this case is dismissed *without prejudice*.

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
May 25, 2010

---

to arise from not being allowed to cross-examine Sergeant Wynn and not being granted the right to a counsel substitute. *See Complaint,* p.4 (stating the Defendants "violated his procedural due process rights by refusing him the right to ask questions, right to call witnesses and the right to a counsel substitute"). However, confrontation and cross-examination are not procedural "rights" in disciplinary hearings. *See Wolff v. McDonnell,* 418 U.S. 539, 568 (1974). Additionally, the Supreme Court has stated that "we are not prepared to hold that inmates have a right to either retained or appointed counsel in disciplinary proceedings." *Id.* at 570. Where an illiterate inmate is involved or the issues are extremely complex, the inmate should be free to have a counsel substitute. *Id.* However, the Supreme Court "leave[s] these matters to the sound discretion of the officials of state prisons." *Id.* at 569.